A07A2268. LAGUINES v. THE STATE.
(656 SE2d 237)

JOHNSON, Presiding Judge.

Following a bench trial, Steven Laguines was found guilty of driving with a suspended license. In his sole enumeration on appeal, Laguines contends the trial court erred in denying his motion to suppress. We find no error and affirm Laguines' conviction.

The record shows that the chief deputy of the Wilkes County Sheriff's Office authorized two deputies to set up and run a checkpoint to check motorists' driver's licenses. In setting up the checkpoint, the deputies put one marked patrol car with emergency lights flashing on each side of the road. The deputies wore reflective traffic vests with attached flashlights and stood in the middle of the road to alert oncoming drivers of the checkpoint. The deputies stopped every vehicle that passed through the checkpoint for approximately one minute. Twenty minutes into the checkpoint, the deputies stopped Laguines' vehicle and subsequently arrested Laguines for driving with a suspended license.

Laguines filed a motion to suppress, contending the checkpoint was unconstitutional because (1) the decision to implement the checkpoint was made by deputies in the field, rather than by a supervisor, and (2) the checkpoint was not sufficiently identified as a license checkpoint. The trial court denied Laguines' motion to suppress, finding the state had presented evidence to support the constitutional validity of the traffic stop. In reviewing a trial court's denial of a motion to suppress, we construe the evidence most favorably to uphold the findings and judgment of the trial court.[1] While the trial court's findings as to disputed facts in a ruling on a motion to suppress will be reviewed to determine whether the ruling was clearly erroneous, where, as here, the evidence at a hearing on a motion to suppress is uncontroverted and no question of credibility is

---

[1] See *Perdue v. State*, 256 Ga. App. 765 (578 SE2d 456) (2002) (physical precedent only).

presented, we review the trial court's application of the law to undisputed facts de novo.[2]

The Supreme Court of Georgia has held that a police checkpoint is constitutional provided that: (1) the decision to implement the checkpoint was made by supervisory personnel rather than the officers in the field; (2) all vehicles are stopped as opposed to random vehicle stops; (3) the delay to motorists is minimal; (4) the checkpoint operation is well identified as a police checkpoint; and (5) the screening officer's training and experience are sufficient to qualify him to make an initial determination as to which motorists should be given field tests for intoxication.[3] The state must also show that the supervisory officer who made the decision to implement the checkpoint had a legitimate purpose for doing so.[4] Here, Laguines makes only two arguments: the decision to implement the checkpoint was not properly authorized by a supervisory officer, and the checkpoint was not well marked to clearly indicate a checkpoint was taking place. We find no merit in either argument.

The record before us shows that the decision to set up the checkpoint in question was made by Mike Sisson, a supervisory officer with the Wilkes County Sheriff's Department. While the idea and location of the checkpoint may have been suggested by the field deputy, this does not change the fact that ultimately the decision to implement the checkpoint was made by the supervisory officer and was thus constitutionally valid.[5] The trial court properly denied Laguines' motion to suppress on this ground because "there is no evidence of unfettered discretion by the field troopers and [Laguines] made no showing that the [checkpoint] was arbitrary or oppressive to motorists."[6]

Laguines' argument regarding whether the checkpoint was well marked also fails. One of the field deputies testified that the checkpoint was marked by the use of two patrol cars, with their blue lights on, parked on each side of the road. In addition, the two deputies conducting the checkpoint stood in the middle of the road, one on each side of the car, wore traffic vests, and used flashlights with wands on the bottom. The Supreme Court of Georgia has held that a checkpoint is clearly marked where it is identified by police cars, flashing blue lights, officers in uniform wearing reflective vests, and orange cones.[7]

---

[2] See *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

[3] See *LaFontaine v. State*, 269 Ga. 251, 253 (3) (497 SE2d 367) (1998); *Perdue*, supra at 766 (1).

[4] See *Perdue*, supra at 766, n. 3.

[5] See id. at 768 (1) (a).

[6] *LaFontaine*, supra.

[7] See *Brent v. State*, 270 Ga. 160, 162 (2) (510 SE2d 14) (1998).

And, under similar conditions to those in the present case, we have found it "highly unlikely that a motorist would have taken the activity to be anything other than a police checkpoint."[8] The trial court did not err in denying Laguines' motion to suppress on this ground.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JANUARY 7, 2008.

*Michelle R. Harrison,* for appellant.
*Dennis C. Sanders, District Attorney, Sarah M. Peacock, William P. Doupé, Assistant District Attorneys,* for appellee.